IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



HASSIN HUBBERT,

        Petitioner,

v.                                           CRIMINAL NO. 2:17-cr-150 (5)

UNITED STATES OF AMERICA,

        Respondent.

### MEMORANDUM OPINION & ORDER

Before the Court is HASSIN HUBBERT's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Compassion. Release, ECF No. 600 ("Pet'r's Mot."). The Government opposed the motion and Petitioner replied. Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 605 ("Resp. Opp."); Pet'r's Reply to Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 609 ("Pet'r's Reply"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

### I.    FACTUAL AND PROCEDURAL HISTORY

On May 24, 2018, Petitioner was named alongside five co-defendants in a twenty-six count Superseding Indictment. Sup'g Indict., ECF No. 64 ("Indictment"). On October 4, 2018, Petitioner pled guilty to Count One, charging Petitioner with Racketeering Conspiracy, in violation of 18 U.S.C. §1962(d) of the Superseding Indictment. *See* Plea Hearing, ECF No. 178; Plea Agreement, ECF No. 179.

According to his Presentence Investigation Report ("PSR"), Petitioner was a high-ranking member of Mad Stone Bloods ("MSB"). Investig. Rep., ECF No. 276 at ¶ 10 ("PSR"). During this time, Petitioner was incarcerated within the Virginia Department of Corrections. *Id.* Petitioner recruited other high-level members of other prison gangs to become high-ranking leaders of the

MSB in Virginia. *Id.* Under Petitioner's stewardship MSB Virginia grew to over 800 hundred members between 2010 and 2018. *Id.* Petitioner personally arranged for narcotics to be smuggled into two Virginia Department of Corrections facilities. *Id.*

The PSR prepared in 2019 assessed Petitioner with a total offense level of 20, a Criminal History Category of IV, and a recommended Guidelines provision of 70 months to 87 months imprisonment. *Id.* at ¶¶ 74-75. On June 14, 2019, this Court sentenced Petitioner to Thirty-Six (36) Months, to be served consecutive to the Roanoke Circuit Court sentence ordered under docket number CR8001052 and three (3) years of supervised release. J. of Pet'r, ECF No. 455. Petitioner's projected release date for his state charge is July 30, 2024 and he will start serving his federal sentence after. Pet'r's Mot. at 2.

On May 9, 2022, Petitioner filed a *pro se* motion for compassionate release. Mot. Reduce Sentence, ECF No. 586. On November 4, 2022, Petitioner filed the motion through counsel. Pet'r Mot. On January 3, 2023, the Government responded in opposition. Resp. Opp. On February 6, 2023, Petitioner replied. Pet'r's Reply.

## II. LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th

Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)).

### III.   DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner has not satisfied the threshold requirement. The Petitioner submitted a petition to a BOP Warden on February 8, 2022 and February 15, 2022. Pet'r's Mot. at 3. The Petitioner has not served any portion of his federal sentence. *Id.* at 2. The Court has waived the exhaustion requirement for people incarcerated in state correctional facilities serving state sentences. *See Albury v. United States,* 496 F.Supp.3d 974 (E.D. Va. 2020). However, since that opinion, courts from other jurisdictions have found that a petitioner must be in a position to be released. *See generally United States v. Elliott,* No. 12-cr-678-MMC-2, 2020 WL 6507642, at *1 (N.D. Cal. Nov. 5, 2020).

Here, Petitioner requests for his immediate release from imprisonment to serve a period of supervised release, which the Court has no power to authorize because Petitioner's projected

3

release date for his state charge is July 30, 2024. Pet'r's Mot. at 2. The Court does not have the authority to grant the remedy he seeks until he has started his federal prison sentence.

## IV.   CONCLUSION

For the foregoing reasons, Petitioner has not satisfied the statute's mandatory procedural requirements. Thus, Petitioner's Motion for Compassionate Release, ECF No. 600, is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 3 , 2023

Raymond A. Jackson
United States District Judge